UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE ANNE WHITED,

    Plaintiff,

v.                                               Case No: 6:16-cv-629-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a partially favorable final decision of the Commissioner of the Social Security Administration (the "Commissioner") regarding her claim for Supplemental Security Income ("SSI") under the Act. Based upon a review of the administrative record and the pleadings and joint memorandum submitted by the parties, and for the reasons that follow, I **respectfully recommend** that the Commissioner's final decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## Background

Plaintiff filed for Disability Insurance Benefits[1] and SSI benefits, alleging an onset date of February 29, 2012 (Tr. 69, 152-164). She claimed disability resulting from the residuals of two strokes (Tr. 211). Her application was denied initially and on reconsideration, and she requested and received a hearing before an administrative law

---

[1] Plaintiff's claim for Disability Insurance Benefits (Tr. 165) is not at issue due to insufficient quarters of coverage (Tr. 184-185).

judge ("ALJ") (Tr. 84-89, 91-95, 30-63, 96-98). On August 22, 2014, the ALJ issued a partially favorable decision finding that Plaintiff was disabled from February 29, 2012 through October 3, 2013, but that her disability ended on October 4, 2013 (Tr. 9-29). Plaintiff filed a request for review of the hearing decision/order (Tr. 5-8). On February 8, 2016, the Appeals Council denied her request for review (Tr. 1-4). Accordingly, the ALJ's August 22, 2014 decision is the final decision of the Commissioner. Plaintiff has exhausted her available administrative remedies and timely filed this action for judicial review (Doc. 1).

On appeal, Plaintiff does not challenge the favorable decision regarding her disability and right to receive benefits. The only issue being challenged is the ALJ's decision that her disability ceased on October 3, 2013. Plaintiff challenges the ALJ's finding that medical improvement occurred on that date, and the ALJ's findings with respect to her credibility.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the

Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

If the claimant is found disabled at any point in the process, the ALJ must also determine if her disability continues through the date of the decision. In order to find that the claimant's disability does not continue through the date of the decision, the ALJ must show that medical improvement has occurred which is related to the claimant's ability to work, or that an exception applies (20 C.F.R. 416.994(a)). The ALJ follows a seven step evaluation in making that determination:

> At step one, the [ALJ] must determine whether the claimant has an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926). If the claimant does, her disability continues (20 C.F.R. 416.994(b)(5)(i)).
>
> At step two, the [ALJ] must determine whether medical improvement has occurred (20 C.F.R. 416.994(b)(5)(ii)). Medical improvement is any decrease in medical severity of the impairment(s) as established by improvement in symptoms, signs and/or laboratory findings (20 C.F.R. 416.994(b)(l)(i)). If medical improvement has occurred, the analysis proceeds to the third step. If not, the analysis proceeds to the fourth step.
>
> At step three, the [ALJ] must determine whether the medical improvement is related to the ability to work (20 C.F.R. 416.994(b)(5)(iii)). Medical improvement is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities (20 C.F.R. 416.994(b)(l)(iii)). If the medical improvement is related to the ability to work, the analysis proceeds to the fifth step. If it is not, the analysis proceeds to the fourth step.
>
> At step four, the [ALJ] must determine if an exception to medical improvement applies (20 C.F.R. 416.994(b)(5)(iv)). There are two groups of exceptions (20 C.F.R. 416.994(b)(3) and (b)(4)). If one of the first group exceptions applies, the analysis proceeds to the next step. If one of the second group exceptions applies, the claimant's disability ends. If none apply, the claimant's disability continues.

> At step five, the [ALJ] must determine whether all the claimant's current impairments in combination are severe (20 C.F.R. 416.994(b)(5)(v)). If all current impairments in combination do not significantly limit the claimant's ability to do basic work activities, the claimant is no longer disabled. If they do, the analysis proceeds to the next step.
>
> At step six, the [ALJ] must assess the claimant's residual functional capacity based on the current impairments and determine if she can perform her past relevant work (20 C.F.R. 416.994(b)(5)(vi)). If the claimant has the capacity to perform past relevant work, her disability has ended. If not, the analysis proceeds to the last step.
>
> At the last step, the [ALJ] must determine whether other work exists that the claimant can perform, given her residual functional capacity and considering her age, education, and past work experience (20 C.F.R. 416.994(b)(5)(vii)). If the claimant can perform other work, she is no longer disabled. If the claimant cannot perform other work, her disability continues.

(Tr. 15-16).

Here, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 29, 2012, the date she became disabled (Tr. 16). From February 29, 2012 through October 3, 2013, the period during which she was under a disability, the ALJ found that Plaintiff had the following severe impairments: history of aortic valve disease and residuals of two cerebral vascular accidents ("CVA") with accompanying weakness (20 C.F.R. 416.920(c)) (Tr. 16). The ALJ developed Plaintiff's residual functional capacity for this time period and went through each step of the five part sequential evaluation to conclude that Plaintiff was under a disability from February 29, 2012 through October 3, 2013 (Tr. 17-21). The ALJ then proceeded to perform the required medical improvement analysis.

The ALJ found, at step one, that Plaintiff has not developed any new impairment since October 4, 2013; thus, her current severe impairments are the same as that present

from February 29, 2012 through October 3, 2013, and beginning October 4, 2013, Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.994(b)(5)(i)) (Tr. 21). At step two, the ALJ determined that medical improvement occurred as of October 4, 2013. (Id.). At the next step, the ALJ found that the medical improvement that has occurred is related to Plaintiff's ability to work because there has been an increase in her residual functional capacity, and her functional capacity for basic work activities has increased (Tr. 21-22). Specifically, the ALJ found that:

> Beginning October 4, 2013, the claimant has had the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). She could then and can now perform sedentary work on a sustained basis with the ability to lift and/or carry and push/pull 10 pounds occasionally and 5 pounds frequently; stand and/or walk for 30 minutes at one time and a total of 2 hours during an 8 hour workday; and sit for 4 hours at one time and a total of 8 hours during an 8 hour workday. While she was then and is now precluded from climbing ropes, ladders and scaffolds, she could then and now can perform occasional climbing of stairs and ramps, balancing, stooping, kneeling, crouching, and crawling. At all time since October 4, 2013, she has had no limitations regarding manipulation, vision, or communication. At all time since October 4, 2013, she has had environmental limitations precluding concentrated exposure to work hazards, including unprotected heights and dangerous machinery. She has had no significant mental limitations.

(Tr. 22). The ALJ found Plaintiff still unable to perform past relevant work (Tr. 23-24) but, at the last step, determined that beginning October 4, 2013, considering her age, education, work experience, and residual functional capacity, there have been jobs that exist in significant numbers in the national economy that Plaintiff can perform, and, therefore, her disability ended October 4, 2013 (Tr. 24).

## Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

### Substantial Evidence supports the finding of Medical Improvement

As detailed in the ALJ's decision and not challenged here, from her onset date to October 3, 2013, Plaintiff was disabled from the residuals of two strokes. The ALJ found, however, that treatment records document improvement and/or resolution of Plaintiff's

symptoms to the extent that she can sustain sedentary work (Tr. 21). Plaintiff challenges this finding as being unsupported by substantial evidence as "the ALJ based his finding of medical improvement on an appointment with Dr. Thomas on October 3, 2013" and this record does not support the ALJ's finding that Plaintiff's condition medically improved to the point of being able to return to work (Doc. 14 at 12). Upon review, I am not persuaded.

Although the ALJ found Plaintiff disabled for a period of time ending October 3, 2013, she is not entitled to a presumption of continuing disability. See 42 U.S.C. § 423(f). The decision whether to terminate benefits must "be made on the basis of the weight of the evidence and on a neutral basis with regard to the individual's condition, without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled." Id., see also Cutlip v. Sec'y of Health and Human Services, 25 F.3d 284, 286 n.1 (6th Cir. 1994) (noting that the Social Security Disability Reform Act of 1984 eliminated any presumptions of disability). Social Security Regulations provide that medical improvement is assessed by a review of symptoms, signs and laboratory findings. 20 C.F.R. §§ 416.994(b)(1)(i), 404.1594(b)(1). In order to find that a claimant's condition has improved, the ALJ compares the original medical evidence with the new medical evidence. Whetstone v. Barnhart, 263 F.Supp.2d 1318, 1322 (M.D. Ala. 2003) (citing Williams v. Apfel, 73 F.Supp.2d 1325, 1337 (M.D. Fla. 1999)).

To the extent Plaintiff is claiming that the only basis for finding medical improvement is one treatment note, she is incorrect. The ALJ detailed the entire course of Plaintiff's treatment, reviewed the testimony and all other evidence of record and found that although Plaintiff had "experienced significant problems related to her strokes, the

evidence of record shows improvement with treatment and time, and the lack of more aggressive treatments show that she recovered from these events" (Tr. 23). The ALJ observed that Plaintiff had "little treatment following improvement of her residual CVA symptoms beginning in 2013" (Tr. 22), and elaborated:

> Specifically, the claimant did not require any additional hospitalizations. At the time of her presentation with Dr. Thomas at Kemshol Medical Center on October 3, 2013 (at the referral of her disability representative - Exhibit 10F/2), it was specifically noted that the claimant had a history of right side paresthesias with notations of improvement with treatment. Specifically, Dr. Thomas identified no weakness at the time of that visit, and the claimant confirmed during her March 2014 visit that she had no chest pains or palpitations (Exhibits 12F/1; 11IF/1-2) and that she had no significant treatment after her last hospitalization (Exhibits 10F-12F). Repeatedly, throughout the office visits in 2014, the claimant's condition was described as "doing better" and medications were noted as helpful. She again denied having any chest pains with activities but reported some shortness of breath when she lies down at night. (Exhibit 12F/1) and (Exhibits 11F/8, 12F).

(Tr. 22-23). The ALJ's conclusion that Plaintiff experienced medical improvement is not predicated on just one treatment record.

Plaintiff contends that because she reported some symptoms of weakness and other residuals at the October 3, 2013 examination and Dr. Thomas found some unidentified neurological abnormalities (Tr. 516), Dr. Thomas' records do not support a finding of being able to return to work and the ALJ should have sent Plaintiff for a consultative neurological examination (Doc. 14 at 12-13). This claim is flawed. The applicable standard is a showing of medical *improvement* of Plaintiff's condition; there is no requirement that Plaintiff be *cured* of all symptoms. The continued existence of some abnormalities is not *ipso facto* inconsistent with overall medical improvement. Here, the ALJ *credited* the findings of Dr. Thomas, including his opinions that Plaintiff was "doing

better" and her medications were helpful (Tr. 520-21, 528), and concluded that Plaintiff's residual functional capacity assessment took into account the limitations found to remain in the pertinent time period (Tr. 23 - "The RFC accounts for her impairments, including her two strokes."). And, an ALJ is not required to order a consultative examination when the record contains, as here, sufficient evidence for the ALJ to make an informed decision (Tr. 23). See Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). I find that the ALJ applied appropriate standards and his conclusion that Plaintiff's condition medically improved is supported by the substantial evidence he cites.

### Credibility

A claimant may seek to establish that she has a disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Id. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Dep't of Health and Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

With respect to the time period at issue, the ALJ considered Plaintiff's subjective allegations of limitations and found her medically determinable impairments could

reasonably be expected to produce the alleged symptoms; "however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 22). In support of this finding, the ALJ noted, among other things, Plaintiff's "mediocre" work history and earnings records (Tr. 22) and the fact that she required little treatment and no hospitalizations during this time period (Tr. 22-23). Plaintiff contends that reliance on these matters is error.

Plaintiff acknowledges, as she must, that in some cases, a claimant's work history can impact an evaluation of a claimant's credibility (Doc. 14 at 19). See 20 C.F.R. § 416.929(c)(3); SSR 96-7p.[2] "A lack of work history may indicate a lack of motivation to work rather than a lack of ability." Schaal v. Apfel, 134 F.3d 496, 502 (2nd Cir. 1998). In this case, Plaintiff earned approximately $4,900 in 2000; $600 in 2006; $8,200 in 2008; $5,800 in 2009; and $3,000 in 2011 (Tr. 22, 194-95). Nonetheless, she contends that, as her mediocre work history did not impact the ALJ's credibility finding for the time period from February 29, 2012 through October 3, 2013, it should not impact the analysis for the time period after that. This argument ignores the fact that a claimant's credibility is not assessed in a vacuum. In determining the credibility of the individual's statements, "the adjudicator must consider the entire case record." SSR 96-7p. The determination of Plaintiff's disability prior to October 3, 2013 was made based on consideration of the entire case record (Tr. 18), which included not just Plaintiff's statements but also the records of her hospitalizations, significant treatment records and consultative examination during the time at issue. In evaluating Plaintiff's credibility with respect to the time period

---

[2] Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p. See Social Security Ruling 16-3p; Titles II and Titles XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14,166 (March 16, 2016); 81 Fed. Reg. 15, 776 (March 24, 2016). The administrative decision at issue here was made prior to that date.

from October 4, 2013 to the date of the decision, however, the ALJ reviewed her allegations in the context of a different medical record. As the ALJ noted: "more recent treatment records confirm that the claimant has significantly improved related to her ability to work, such that she is now able to perform sedentary work on a sustained basis." (Tr. 19). No error is shown.

As for the ALJ's finding that Plaintiff's credibility is lessened due to her lack of treatment, Plaintiff contends that the ALJ "overlooked the fact that [she] did not have any medical insurance or money to obtain treatment" and "when a claimant cannot afford the prescribed treatment and can find no way to obtain it, she is excused from noncompliance." (Doc. 14 at 20, citing Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1998)). This contention misses the mark. While the record does include some notations regarding financial inability to afford medications or see a specialist in 2012 (Tr. 360, 469, 468), there is no evidence that Plaintiff's sporadic treatment afterward was due to a lack of finances. Moreover, when Plaintiff did see Dr. Thomas in 2013 and 2014, she did not present with disabling limitations, her condition was described as "doing better," and the medications were noted to be helpful (Tr. 22-23, 520-21, 528). This evidence, coupled with a lack of hospitalizations or emergency room presentation during the October 4, 2013 and onward time period, is enough to support an inference that the lack of significant treatment was due to improvement in her condition.[3] "The question is not ... whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). On this record, I find no error.

---

[3] The lack of treatment was only one factor considered by the ALJ in making his credibility finding.

The ALJ's findings were made in accordance with the correct legal standard and are supported by substantial evidence.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 8, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record